IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ORVAL JOHNSON<br>    Plaintiff, | §<br>§<br>§ | |
| vs. | §<br>§ | Case No. _____ |
| MICHAEL RAYMON LEISMAN and<br>JVT, INC.<br>    Defendants. | §<br>§<br>§<br>§ | Jury Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Orval Johnson, and files his Original Complaint against Defendants Michael Raymond Leisman and JVT, Inc., and for cause of action would respectfully show the Court the following:

### A. PARTIES

1. Plaintiff, Orval Johnson, is an injured individual residing in Ore City, Upshur County, Texas.

2. Defendant Michael Raymond Leisman is an individual residing in Rock Port, Missouri. He can be served at his address of 400 S. Country Club Drive, Apt. 2D, Rock Port, MO, 64482-1135, Atchison County.

3. JVT, Inc. is a foreign company incorporated under the laws of Missouri and having its primary place of business in Missouri. Defendant JVT may be served with process through its registered agent Ms. Judith Michlin, 6100 Southwest Blvd, Fort Worth, Texas, 76109.

### B. JURISDICTION AND VENUE

4. This Court has diversity of citizenship jurisdiction over this action under 28 U.S.C. § 1332(a)(1). The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and this action is between businesses or individual citizens of

different States.  All of the corporate and limited liability defendants have engaged in intentional and systematic contacts with the State of Texas.

5. Venue is proper in this district under the provisions of 28 U.S.C. § 1391(a)(1) because all or some of the events giving rise to this suit occurred in the Eastern District of Texas.

## C. CONDITIONS PRECEDENT

6. All conditions precedent have been performed or have occurred.

## D. FACTS

7. On or around September 20, 2013, Defendant Michael Leisman was driving a Peterbilt truck owned by Defendant JVT, Inc. in Marshall, Texas. Defendant Leisman was an employee of JVT, Inc., and was operating the Peterbilt truck in the furtherance of JVT's business. Defendant Leisman ignored a red light traffic signal at an intersection and proceeded through the intersection against the red light. Leisman's JVT truck illegally pulled out in front of another vehicle driven by Plaintiff Orval Johnson. Mr. Johnson had a green light at this time. Mr. Johnson did not have time for evasive action and collided with Defendants' vehicle. Mr. Johnson was taken by ambulance to the hospital. Mr. Johnson suffered debilitating and permanent injuries that have required surgeries and years of treatment. Police issued a traffic citation to Mr. Leisman for disregarding a red light.

## E. RESPONDEAT SUPERIOR

8. Whenever it is alleged in this Complaint that a Defendant did any act or thing, it is meant that the Defendant's agents, servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives did such act or thing, and at the time such act or thing was done, it was done with the authorization of Defendant or was done in the normal routine course of the agency or employment of the Defendant.

9. In addition to the other Counts herein, the incident made the basis of Plaintiff's, lawsuit was proximately caused by the negligence of Defendants JVT, Inc and Leisman.

## F. NEGLIGENCE AND NEGLIGENCE PER SE OF DEFENDANTS

10. Defendants owed a legal duty to Plaintiff of ordinary care which it and its agents breached by the following acts or omissions including, but not limited to, one or more of the following:

   a. Failing to act as a reasonably prudent person would have acted under the same or similar circumstances;

   b. Failing to properly train employees;

   c. Failing to obey traffic signals;

   d. Failing to control speed;

   e. Failure to maintain its vehicle in good working order;

   f. Failing to pay attention to the traffic around it; and

   g. Failing to appropriately apply the brakes.

11. Defendants' actions, elucidated above, also constitute negligence per se. The defendants violated the following articles of the Texas Transportation Code.

   a. Section 545.151, requiring drivers to yield right of way in accordance with operational traffic control devices;

   b. Section 545.351, requiring drivers to maintain a speed that is reasonable and prudent under the circumstances.

12. Additional acts and omissions by Defendant may be presented at the time of trial.

## G. DAMAGES

13. As a direct and proximate result of the Defendant's negligence, Plaintiff has suffered injuries to his body. In addition, Plaintiff has suffered severe physical and mental pain, suffering, and anguish, and in all reasonable probability, Plaintiff will continue to suffer in the future, if not for the balance of his natural life.

14. As a result of the injuries sustained, Plaintiff has incurred reasonable and customary doctor and medical expenses for necessary medical treatment and there is a

reasonable probability that Plaintiff will incur reasonable expenses for necessary medical care and attention in the future.

15.  Plaintiff has lost earnings in the past and will suffer from lost earning capacity in the future.

16.  Plaintiff suffered permanent physical impairment.

17.  By reason of the foregoing injuries and damages, Plaintiff has been damaged far in excess of the minimum jurisdictional limits of the Court.

### H. GROSS NEGLIGENCE OF DEFENDANT

18.  In addition to the other Counts herein, Defendants are liable for their grossly negligent conduct. In support thereof, Plaintiff asserts the following:

19.  The damages sustained by Plaintiff's were proximately caused, in whole or in part, by the negligence of Defendant, through its agents, servants, or employees. Defendant's employees were under the influence of illegal drugs while operating equipment, but proceeded with conscious indifference to the rights, safety, and welfare of others, namely Plaintiff. Defendant was subjectively aware of the risks posed by its employees but let them proceed without regular drug testing and/or allowed them to work despite their intoxication. Because of this, Plaintiff is entitled exemplary damages.

20.  Further, Defendants failed to properly train and enforce safety policies established as industry standards for ensuring the safe transportation of commercial goods on US highways.

### I. JURY DEMAND

21.  Plaintiff demands a jury trial and tenders the appropriate fee with his Complaint.

## J. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be duly cited to appear and answer this Complaint and that upon final hearing Plaintiff recover as follows:

a. Actual damages and exemplary damages;

b. Prejudgment and post-judgment interest as provided by law;

c. Costs of Court; and

d. Such other and further relief to which the Plaintiff may be justly entitled.

Respectfully submitted,

**THE MONSOUR LAW FIRM**

*/s/ Benton G. Ross*
BENTON G. ROSS
State Bar No. 24068124
DOUGLAS C. MONSOUR
State Bar No. 00791289
404 North Green Street
Post Office Box 4209
Longview, Texas 75606
(903) 758-5757
(903) 230-5010 (fax)

**ATTORNEYS FOR PLAINTIFF**